**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

—————————

m 00-30609
Summary Calendar

—————————


RALPH BARLOW,

Plaintiff-Appellant,

VERSUS

CADDO COMMUNITY ACTION AGENCY, INC., ET AL.,

Defendants,

CADDO COMMUNITY ACTION AGENCY, INC.,
AND
TRAVELERS CASUALTY & SURETY COMPANY,

Defendants-Appellees.


—————————————

Appeal from the United States District Court
for the Western District of Louisiana
Dist. Ct. No. 96-CV-2593

—————————————

May 4, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ralph Barlow, a white male, appeals a judgment in favor of Caddo Community Action Agency, Inc. after a bench trial in his discrimination suit under title VII, 42 U.S.C. § 2000e *et seq*. Barlow argues that the district court erred in refusing to apply the mixed-motive analysis of *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

That argument has no merit. "Before the *Price Waterhouse* methodology can be employed, plaintiff bears the 'burden of persuasion on the issue of whether [improper factors] played a part in the employment discrimination." *Mooney v. Aramco Servs Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995) (quoting *Price Waterhouse*, 490 U.S. at 246). In two excellent, well-reasoned opinions, the district court made several findings of fact and credibility determinations supporting its decision that no improper motive existed for the termination, precluding any mixed-motive analysis. We cannot say that those findings and determinations are clearly erroneous.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] As we have explained,

I]n a Title VII action that has been fully tried on the merits, such that the district court has before it all the necessary evidence to make the ultimate finding of discrimination, the factual inquiry is whether

(continued...)

AFFIRMED.

---

[1](...continued)
the defendant intentionally discriminated against the plaintiff. On review, this court must therefore decide whether the ultimate finding of discrimination by the district court was clearly erroneous. A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.

*Vance v. Union Planters Corp.*, 209 F.3d 438 (5th Cir. 2000) (quoting *Davis v. Yazoo Co. Welfare Dep't*, 942 F.2d 884, 886 (5th Cir. 1991)). We have no such conviction in this case.